## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

REBECCA LEE LLOYD                                                    **PLAINTIFF**

V.                                    **CASE NO.   5:15-CV-05252**

DETECTIVE SHAWN ALLEN,
Fayetteville Police Department (FPD);
DETECTIVE MACCEY, FPD; OFFICER
ANDERSON, FPD; DETECTIVE
MALICHI SAMUELS, FPD; JUDGE
LINDSEY, Washington County; OFFICER
MRS. CHAVEZ, Washington County
Detention Center (WCDC); GUARD MS.
HUWBER, WCDC; GUARD MS. GASTEN,
WCDC; GUARD MRS. JAMES, WCDC;
GUARD MRS. DONNAHUE, WCDC; and
JOHN AND JANE DOE, Doctors and
Nurses                                                               **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.

Plaintiff proceeds *pro se* and *in forma pauperis*.

Plaintiff filed this action on October 8, 2015, on behalf of herself and her fiancé,

Mark Chumley.  Plaintiff was advised she could represent herself but could not represent

other individuals.   Chumley was terminated as a Defendant.   An Order (Doc. 3) was

entered on October 8, 2015, directing the Plaintiff to file an amended complaint asserting

only her own claims.

Plaintiff filed an Amended Complaint on October 20, 2015 (Doc. 6).  The matter is

presently before the Court for initial screening of Plaintiff's pleading pursuant to 28 U.S.C.

§ 1915A.  For the reasons discussed below, this Court recommends that certain claims be

summarily dismissed pursuant to Section 1915A and Section 1915(e)(2)(B).

## I. BACKGROUND

According to the allegations of the Amended Complaint (Doc. 6), Plaintiff was arrested on August 20, 2015, on charges of capital murder, tampering with evidence, and gang violence. She is incarcerated in the Washington County Detention Center (WCDC) awaiting trial. Plaintiff alleges that Judge Lindsey put her on a "no bond" restriction prior to her being formally charged with any crime. Chumley was also arrested and is incarcerated awaiting trial.

Plaintiff maintains she was arrested for no reason, has been slandered, framed, forced to make false statements and harassed. She alleges Detective Allen, Detective Maccey, Officer Anderson, and Detective Malichi Samuels were all involved. Further she alleges that Detective Anderson tried to get her to "set up" Chumley and others for various crimes.

During her incarceration at the WCDC, Plaintiff alleges she has been: falsely accused of harassing other inmates; her requests to be separated from inmates who were harassing her have been refused; she has been denied medical care; and her mail has been held for weeks.

## II. DISCUSSION

Under the Prison Litigation Reform Act (PLRA), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may

be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Applying these standards, it is clear that several of Plaintiff's claims are subject to dismissal. First, the claims against Judge Lindsey are subject to dismissal. Judge Lindsey is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *see also Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is non-judicial; and, (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the Amended Complaint that neither situation applies here.

Second, Plaintiff's claims that she was falsely arrested and has committed no crime are subject to dismissal. In *Baker v. McCollan*, 443 U.S. 137 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted- indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without

limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*

The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

*Baker*, 443 U.S. at 145-46.

Here, Plaintiff does not deny that proper procedures are being utilized in bringing her to trial in Washington County on the criminal charges.  Rather, she merely claims she is innocent of the charges.  Plaintiff  has stated no claim that her rights under the Due Process Clause have been violated.

Third, the "Constitution does not mention malicious prosecution nor do[es Plaintiff] cite a basis for a federal action for malicious prosecution." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001).  The Eighth Circuit has "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Id.*

Finally,"[v]erbal threats do not constitute a constitutional violation."  *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985).  Similarly, taunts, name calling, and the use of offensive language do not state claims of constitutional dimension. *McDowell v. Jones,*

990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin*, 780 F.2d at 1338-1339 (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved, did not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985) (use of racially offensive language in dealing with a prisoner does not, by itself, state a claim).

### III. CONCLUSION

For the reasons stated, the claims against Detective Allen, Detective Maccey, Officer Anderson, Detective Malichi Samuels, and Judge Lindsey will be dismissed because Plaintiff's claims are frivolous and/or fail to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (in forma pauperis action may be dismissed on such grounds at any time). For the same reason, Plaintiff's verbal harassment claims are also dismissed.

The failure to protect and denial of medical care claims against Deputy Chavez, Guard Huwber, Guard Gasten; Guard James, Guard Donnahue; and John and Jane Doe, Doctors and Nurses remain for later resolution.

**IT IS SO ORDERED** on this __16th__ day of February, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE